**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4481

MOHAMMAD HUSSAIN,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4525

ROBERT MARK,
Defendant-Appellant.

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-97-475)

Submitted: June 1, 1999

Decided: June 22, 1999

Before HAMILTON and TRAXLER, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Martha P. Rogers, OBER, KALER, GRIMES & SHRIVER, Washington, D.C.; Charles T. Smith, II, OBER, KALER, GRIMES & SHRIVER, Baltimore, Maryland; Gabriel J. Christian, GABRIEL J. CHRISTIAN & ASSOCIATES, Bowie, Maryland, for Appellants. Lynne A. Battaglia, United States Attorney, Sandra Wilkinson, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated cases, Mohammad Hussain and Robert Mark appeal their convictions and sentences imposed after a jury found them guilty of offenses arising from a scheme to deal in stolen pharmaceuticals. Hussain was convicted of one count of conspiracy to introduce into interstate commerce misbranded drugs, 18 U.S.C. § 371 (1994), one count of wire fraud, 18 U.S.C. § 1343 (1994), and one count of selling sample drugs, 21 U.S.C.A. §§ 331(t), 333(b)(1) (West 1972 & Supp. 1999). Mark was convicted of one count of conspiracy to introduce into interstate commerce misbranded drugs, 18 U.S.C. § 371, and one count of introduction into interstate commerce misbranded drugs, 21 U.S.C. § 331(a). Finding no reversible error, we affirm.

Hussain contends that the district court improperly denied his motion to suppress evidence seized during a search of his pharmacy pursuant to a warrant. We find that the search warrant was supported by probable cause and was sufficiently particular. See, e.g., United States v. Vitek Supply Corp., 144 F.3d 476, 481 (7th Cir. 1998); cert. denied, ___ U.S. ___, 67 U.S.L.W. 3178, 67 U.S.L.W. 3262, 67 U.S.L.W. 3515, 67 U.S.L.W. 3524 (U.S. Feb. 22, 1999); United

2

States v. Lalor, 996 F.2d 1578, 1581 (4th Cir. 1993). Hussain also contends that he was improperly denied the opportunity to confront a witness with allegedly perjured grand jury testimony. We find that the court did not abuse its discretion in limiting cross-examination. Hussain also contends that prosecutors improperly induced a witness to testify in violation of 18 U.S.C. § 201(c)(2) (1994). This argument is without merit. See United States v. Singleton , 165 F.3d 1297 (10th Cir. 1999) (en banc). Finally, Hussain contends that his offense level was improperly enhanced by two levels for risk of bodily injury under U.S. Sentencing Guidelines Manual § 2F1.1(b)(4)(A) (1997). We find that the court applied the appropriate legal analysis and its determination was not clearly erroneous. See United States v. Loayza, 107 F.3d 257, 265 (4th Cir. 1997).

Mark contends that the court erred by denying his motion to suppress a tape recording of a telephone conversation between Mark and Hussain concerning a drug transaction. Contrary to Mark's argument, the tape recording was not the fruit of a suppressed statement. We also find that the court did not abuse its discretion by denying Mark's motion to sever. See United States v. Tipton, 90 F.3d 861, 883 (4th Cir. 1996), cert. denied, 520 U.S. 1253 (1997). Finally, the court's factual findings with regard to Mark's offense level for sentencing purposes were not clearly erroneous.

Accordingly, we affirm the Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3